UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FARNCISCIAKA THOMAS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:17 CV 2036 RWS |
| | ) |
| JANSSEN PHARMACEUTICALS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF REMAND

Plaintiffs filed this action in state court, claiming personal injuries resulting from use of the drug Risperdal and /or Invega due to Defendants' conduct in designing, marketing, manufacturing, and distributing those drugs. Plaintiffs are citizens of a number of states, including Missouri, New Jersey, and Pennsylvania. Defendants assert that that they are headquartered and incorporated in New Jersey and/or Pennsylvania. As a result, Defendants are citizens of those two states and complete diversity of citizenship between Plaintiffs and Defendants is lacking on the face of the complaint.

Defendants first removed this case on April 12, 2017 based on diversity jurisdiction under 28 U.S.C. § 1332(a). I found that subject matter jurisdiction was lacking and remanded the case on April 27, 2017. On July 19, 2017, Defendants removed this case for a second time asserting that all of the non-Missouri plaintiffs should be dismissed from the case and that the Court's diversity jurisdiction would

apply to the remaining Missouri plaintiffs' claims. Defendants impetus for this second removal was the United States Supreme Court's ruling in <u>Bristol-Myers Squibb Co. v. Superior Court of California</u>, 137 S. Ct. 1773 (2017). In that case the Supreme Court held that a state courts lack specific jurisdiction over nonresident plaintiffs' claims that have no connection to the forum where the lawsuit is filed even if those plaintiffs join their claims with in-state plaintiffs.

Defendants' legal ground for their second attempt to remove this case is a changed circumstances exception to the time limitation for removal in 28 U.S.C. § 1446(b). Under that statute a case must be removed within 30 days after the receipt by the defendant of a plaintiff's initial pleading through formal service of process. Section 1446(b)(1); <u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 350 (1999) . When an initial pleading is not removable, a new 30-day window is opened to allow the removal of a case after the receipt by the defendant of an "amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Defendants assert that the ruling in <u>Bristol-Myers</u> is an order and/or other paper which triggers a new 30-day period for removal under section 1446(b)(3). However, the order and other paper exception is predominately limited to orders and other paper issued in the individual case that is being removed. Orders and rulings in other unrelated cases do not trigger the recommencement of the 30-day

time limit. See Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 969-970 (8th Cir. 2007); Erhart v. Bayer Corp., 4:17 CV 1996 SNLJ (Doc. # 49, Sept. 27, 2017). As a result, Defendants' removal of this matter a second time is procedurally improper and I will grant Plaintiffs' motion to remand this case to state court.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion to Remand [11] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED** without prejudice as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2017.